UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

**TONY JOSEPH TABOR #478277**             **CASE NO. 5:18-CV-00621 SEC P**

**VERSUS**                                **JUDGE ELIZABETH E. FOOTE**

**JERRY GOODWIN ET AL**                   **MAG. JUDGE KAREN L. HAYES**

**REPORT AND RECOMMENDATION**

Before the undersigned magistrate judge, on reference from the District Court, is a motion for summary judgment, filed by defendants. The motion is unopposed. For reasons assigned below, it is recommended that the motion be **GRANTED** and that Plaintiff's claims be **DISMISSED WITH PREJUDICE** for failure to exhaust administrative remedies.

**Background**

This is a Section 1983 suit brought by Tony Joseph Tabor, a prisoner currently confined at Elayn Hunt Correctional Center in St. Gabriel, LA. Tabor is proceeding *in forma pauperis*. During the time relevant to this action, Tabor was confined at David Wade Correctional Center ("DWCC") in Homer, LA. Tabor alleges his constitutional rights were violated while incarcerated at DWCC because defendants held him in living conditions that exacerbated his pre-existing mental illness. Specifically, Tabor claims: (1) he has been in prolonged solitary confinement or extended lockout for over five years without being able to go outside; (2) he has no access to external sensory stimulation including; (3) he has had to endure extreme heat and extreme cold; (4) he was placed on suicide watch for several days as a form of retaliation after speaking to an attorney.

On May 7, 2018, Tabor filed his complaint. [doc. # 1]. On August 6, 2018, following the Court's order to cure deficiencies, Tabor filed his first amended complaint. [doc. # 13]. On August 31, 2018, following the court's order to again cure deficiencies, Tabor filed his second amended

complaint. [doc. # 17]. On March 15, 2019, the Court dismissed with prejudice Tabor's claims against Defendants James LeBlanc, Gregory Seal, Aerial Robinson, Johnie Adkins, Risk Management Insurance Co., and the Louisiana Department of Public Safety and Corrections as frivolous and for failing to state claims on which relief can be granted. [doc. # 37]. In addition, Tabor's claims of sexual harassment, inadequate medical care, and inadequate nutrition and hydration were dismissed with prejudice as frivolous and for failing to state claims on which relief can be granted and Tabor's excessive force claim was dismissed without prejudice as frivolous and malicious. *Id*. On October 7, 2019, after multiple extensions, defendants Deborah Dauzat, Jerry Goodwin, Steve Hayden, Angie Huff, and Lonnie Neil filed a motion for summary judgment, arguing that Tabor's claims should be dismissed for failure to exhaust the administrative grievance process. [doc. # 50]. No reply was filed.[1] The matter is ripe.

## Law and Analysis

### A. Summary judgment

Summary judgment is appropriate when the evidence before the court shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). A fact is material if proof of its existence or nonexistence would affect the outcome of the lawsuit under the applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id*.

The moving party bears the initial burden in a motion for summary judgment and must demonstrate through portions of the pleadings, depositions, answers to interrogatories, admissions,

---

[1] Per the notice of motion setting, Tabor had until October 30, 2019, to file his opposition. [doc. # 51].

and/or affidavits that no genuine issue of material fact exists. *Celotex Corp. v. Cattrett*, 477 U.S. 317, 323 (1986). Once the moving party has successfully demonstrated the absence of a genuine issue of material fact, the burden shifts to the non-moving party to show the opposite. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In doing so, the non-moving party may not merely rely on the allegations and conclusions contained within the pleadings; rather, he "must go beyond the pleadings and designate specific facts in the record showing that there is a genuine issue for trial." *Wallace v. Texas Tech Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996). Furthermore, these specific facts must be shown through something more than "some metaphysical doubt as to the material facts, by conclusory unsubstantiated allegations, or by a mere scintilla of evidence." *Little v. Liquid Air. Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

While the facts are to be reviewed with all inferences drawn in favor of the non-moving party, factual controversies are resolved in favor of the non-movant only when there is an actual controversy. That is, when both parties have submitted evidence of contradictory facts. *McCallum Highlands, Limited v. Washington Capital Dus, Inc.*, 66 F.3d 89 (5th Cir. 1995). In this case, the plaintiff has failed to submit evidence of any facts contradictory to those submitted by the moving party. In the absence of an opposition to the motion, this Court must accept the evidence presented by the defendant and the statements of undisputed facts as true. *Celotex Corp.*, 477 U.S. at 317. Thus, for purposes of this motion, those facts are deemed admitted.

### B. Relevant facts

The undisputed material facts are as follows:

1. Plaintiff, Tony Joseph Tabor, DOC# 478277, was an offender sentenced to the custody of the Louisiana Department of Public Safety and Corrections ("Department") and was confined at DWCC at all times relevant hereto.

2. Defendant Deborah Dauzat is employed by the Department as an Assistant Warden at DWCC, and was so employed at all times relevant hereto.

3. Defendant Jerry Goodwin is employed by the Department of Warden at DWCC, and was so employed at all times relevant hereto.

4. Defendant Steve Hayden is employed by the Department as a Social Worker at DWCC in Homer, Louisiana, and was so employed at all times relevant hereto.

5. Defendant Angie Huff is employed by the Department as a Deputy Warden, and was so employed at all times relevant hereto.

6. Defendant Lonnie Nail was employed by the Department as a Correctional Officer at DWCC in Homer, Louisiana, and was so employed at all times relevant hereto.

7. On July 19, 2016, an Administrative Remedy Procedure (ARP) was submitted by Offender Tony Joseph Tabor alleging constitutional right violations while confined at DWCC.

8. The July 19, 2016, ARP was withdrawn at Tabor's request prior to completion of the administrative grievance process.

9. On July 6, 2017, an ARP was submitted by Tabor which complained of the conditions of his confinement.

10. The July 6, 2017, ARP was withdrawn at Tabor's request prior to completion of the administrative grievance process.

11. On August 3, 2017, an ARP was submitted by Tabor which complained of the conditions of his confinement.

12. The August 3, 2017, ARP was withdrawn at Tabor's request prior to completion of the administrative grievance process.

13. On April 6, 2018, an ARP was submitted by Tabor which complained of being retaliated against for being part of a lawsuit against DWCC's Mental Health Department.

14. The April 6, 2018, ARP was withdrawn at Tabor's request prior to completion of the administrative grievance process.

15. On October 26, 2018, an ARP was submitted by Tabor which complained of the conditions of his confinement.

16. The October 26, 2018, ARP was withdrawn at Tabor's request prior to completion of the administrative grievance process.

17. Tabor never completed an ARP.

18. While this lawsuit was pending, Tony Joseph Tabor was transferred to the Elayn Hunt Correctional Center in St. Gabriel, Louisiana.

## C. Applicable law

Pursuant to 42 § U.S.C. 1997(e), as amended by the Prison Litigation Reform Act ("PLRA"), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title or any other federal law by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 § U.S.C. 1997e(a). Exhaustion is mandatory and is required even where the relief sought cannot be granted by the administrative process. *Woodford v. Ngo*, 548 U.S. 81, 85 (2006). All "available" remedies must be exhausted, regardless of whether they are speedy and effective. *Porter v. Nussle*, 534 U.S. 516, 524 (2002). The pertinent inquiry is not whether the prisoner has pursued his administrative remedies reasonably and in good faith, but whether he has exhausted all remedies that are available. *Underwood v. Wilson*, 151 F.3d 292, 294 (5th Cir. 1998).

"The PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter*, 534 U.S. at 532. An inmate is required to "exhaust his remedies, irrespective of the form of relief sought, injunctive or monetary." *Richbourg v. Horton*, No. 08-10443, 2008 WL 5068680 (5th Cir. Dec. 2, 2008)(unpubl.)(citation omitted). Since exhaustion is an affirmative defense, the burden is on the defendants to establish that the plaintiff failed to exhaust available administrative remedies. *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010). Inmates are not required to plead or demonstrate exhaustion in their complaints. *Jones v. Bock*, 549 U.S. 199, 216, 127 S. Ct. 910, 166 L.Ed.2d 798 (2007).

## D. Analysis

The evidence establishes that DWCC had a two-step Administrative Remedy Procedure ("ARP") in effect during the relevant period. The first step of the process requires the prisoner to submit a grievance form to Nikki McCoy, a legal liaison at DWCC. McCoy Aff. doc. # 50-4, ¶¶ 4-5. Once McCoy receives an ARP, it is either accepted or rejected. *Id*. The ARP may be withdrawn by the prisoner who submits it prior to completion of its two-step process. *Id*.

In support of their motion for summary judgment, defendants adduced a sworn affidavit from Nikki McCoy. In her declaration, McCoy states that Tabor never completed the grievance process regarding his claims. *Id*. at ¶¶ 6-8. In fact, McCoy says that Tabor voluntarily withdrew his complaints. *Id*. Because Tabor did not file a response, there is no dispute of fact that Tabor failed to exhaust his administrative remedies.

The law is clear that a prisoner must exhaust his administrative remedies before suing under Section 1983. *See, e.g.*, *Stout v. North-Williams*, 476 Fed. Appx. 763, 765 (5th Cir. 2012)(affirming dismissal of prisoner Section 1983 suit where affidavit submitted in support of motion for summary judgment revealed that plaintiff did not exhaust); *Bonner v. Williams*, 67 Fed. Appx. 244 (5th Cir. 2003)(affirming dismissal of Section 1983 suit where plaintiff did not exhaust administrative remedies); *Gonzalez v. Prasifka*, 54 Fed. Appx. 406 (5th Cir. 2002)(affirming dismissal of Section 1983 suit where plaintiff did not exhaust administrative remedies). Tabor did not exhaust his administrative remedies, meaning he cannot bring a Section 1983 claim in federal court. Thus, the court is compelled to find that there is no genuine dispute as to any material fact and that the defendants are entitled to judgment as a matter of law.

## Conclusion

For the foregoing reasons,

**IT IS RECOMMENDED** defendant Louisiana Tech University's motion for summary judgment be **GRANTED** and that plaintiff's claims be **DISMISSED WITH PREJUDICE**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and FRCP Rule 72(b), the parties have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, shall bar an aggrieved party, except on the grounds of plain error, from attacking on appeal the unobjected-to factual findings and legal conclusions accepted by the District Judge.**

In Chambers, at Monroe, Louisiana, this 5th day of November 2019.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE

7