UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| TONY JOSEPH TABOR #478277 | CIVIL ACTION NO. 18-621 SEC P |
| VERSUS | JUDGE ELIZABETH FOOTE |
| JERRY GOODWIN, ET AL | MAG. JUDGE KAREN L. HAYES |

## MEMORANDUM ORDER

Before the Court are two motions from pro se Plaintiff Tony Tabor: a "motion within a letter" [Record Document 61] and a motion to alter judgment [Record Document 62]. Both of these motions seek the same relief: for the Court to accept Plaintiff's evidence of the exhaustion of administrative remedies and reopen his case. A brief recitation of this case's procedural history will help frame the instant motions.

Plaintiff was confined at David Wade Correctional Center and filed a host of claims against prison officials and the Louisiana Department of Public Safety and Corrections relating to conditions of confinement, sexual harassment, investigatory interference, retaliation, excessive force, medical care, and nutrition. The bulk of these claims were dismissed as frivolous. See Record Documents 19 & 37. The claims remaining thereafter included retaliation, conditions of confinement, and investigatory interference.

The Defendants filed a motion for summary judgment seeking to dismiss the remaining claims. They alleged, among other things, Plaintiff's failure to exhaust administrative remedies. Record Document 50. Defendants attached an affidavit from the David Wade Legal Liaison who asserted that Plaintiff filed five administrative

1

grievances ("ARPs") that paralleled the claims in the instant suit, yet he voluntarily withdrew all of those ARPs prior to the completion of a single one. Record Document 50-4, pp. 1-4. Thus, none was fully exhausted. Plaintiff did not oppose the Defendants' motion for summary judgment, and therefore the only evidence before the Court was the undisputed evidence of Plaintiff's failure to exhaust.

The Magistrate Judge issued a Report and Recommendation ("R&R") recommending the dismissal of Plaintiff's claims for failure to exhaust administrative remedies. Record Document 52. Plaintiff did not timely file objections to the R&R. While this Court ultimately allowed him to file late objections to the R&R, his objection failed to dispute the Defendants' evidence of his failure to exhaust administrative remedies. Indeed, Plaintiff attached his initial grievances to David Wade, but neither actively asserted that he completed the ARP process at David Wade nor supplied any evidence to demonstrate that he completed the prison's ARP process. This Court adopted the R&R, dismissed Plaintiff's claims for failure to exhaust, and closed the case. Record Document 56.

Thereafter, Plaintiff filed two more motions seeking to continue to litigate the claims that were dismissed. Record Documents 57 and 58. He alleged that he had exhausted administrative remedies and sought an extension of time to produce evidence of exhaustion to this Court. According to Plaintiff, he had requested this evidence from the 19th Judicial District Court and the American Civil Liberties Union. This Court denied both motions, observing that the Plaintiff did not identify what documents those entities would have in their possession that would help prove his exhaustion and noting that

2

Plaintiff himself had conceded the possibility that he did not fully pursue the ARP process. Record Document 59.  The Court held that Plaintiff had had nearly two years to prove exhaustion of administrative remedies and had failed to do so.  That was significant in and of itself, but also important was the fact that Plaintiff had never represented that he actually <u>completed</u> any single ARP process that would relate to the claims in this suit. Thus, the Court declined to reopen the case.

Plaintiff then filed the two motions currently before the Court, seeking the same relief.  This time, however, he attached evidence to support his allegation that he has exhausted administrative remedies.  Despite the passage of a significant period of time, the defense has declined to respond to this evidence.

The Court notes that a final judgment was entered in this case, and the case has been closed.  That notwithstanding, the Court would be remiss not to recognize that Plaintiff has arguably presented proof of exhaustion of two ARPs relating to the claims in this lawsuit.  That is concerning, as the evidence submitted by the Defendants contained affirmative representations that Plaintiff had voluntarily withdrawn all relevant ARPs. Indeed, the representation made by the defense included a recitation of all of the relevant ARP numbers, and notably absent from that list are the ARPs Plainitff has now submitted to the Court.  Thus, the Plaintiff's evidence, as untimely as it is, causes the Court to question the footing upon which this case was dismissed, as it—at least facially— contradicts the representations made by the Defendants.    The Defendants are hereby ordered to respond to the Plaintiff's evidence by October 16, 2020.  The matter of whether

the case should be reopened, in light of the evidence presented, shall be referred to Magistrate Judge Hayes for consideration.

Accordingly, **IT IS ORDERED** that the Defendants' response to the Plaintiff's evidence is due by **October 16, 2020**.  **IT IS FURTHER ORDERED** that the "motion within a letter" [Record Document 61] and motion to alter the judgment [Record Document 62] be and are hereby **REFERRED** to Magistrate Judge Hayes.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, on this 30th day of September, 2020.

ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE