UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| **TONY JOSEPH TABOR** | **CIVIL ACTION NO. 18-0621** |
| | **SECTION P** |
| **VS.** | |
| | **JUDGE ELIZABETH E. FOOTE** |
| **JERRY GOODWIN, ET AL.** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

**REPORT AND RECOMMENDATION**

Defendants Deborah Dauzat, Jerry Goodwin, Steve Hayden, Angie Huff, and Lonnie Nail move for summary judgment on Plaintiff Tony J. Tabor's remaining claims. [doc. # 77]. Plaintiff opposes the motion with his own motion for summary judgment. [doc. # 80]. Defendants, in turn, oppose Plaintiff's motion. [doc. # 83].

**Procedural History**

Plaintiff, an inmate at Elayn Hunt Correctional Center ("EHCC") proceeding pro se and in forma pauperis, filed this proceeding on approximately May 7, 2018, under 42 U.S.C. § 1983. On March 15, 2019, the Court dismissed many of Plaintiff's claims, but the Court retained Plaintiff's claims of retaliation, investigatory interference, and conditions of confinement (with the exception of his conditions-of-confinement claim concerning inadequate nutrition). [doc. #s 19, 37]. On December 20, 2019, the Court dismissed Plaintiff's remaining claims as unexhausted. [doc. # 56].

On November 19, 2020, the Court reinstated the proceeding, altering and amending the December 20, 2019 Judgment to deny summary judgment on Plaintiff's remaining conditions-of-confinement claims only. [doc. # 71].

## Background

Plaintiff alleged in his initial Complaint that he was a mental health patient at David Wade Correctional Center ("DWCC") and that for five years he was enduring "extreme living conditions" which "exacerbate[d] [his] pre-existing mental illness." [doc. # 1, pp. 3-4]. He suggested that his conditions were "extreme" in part because DWCC is "five hours from [his] home." *Id.* at 3.

Plaintiff filed an Amended Complaint on August 6, 2018. [doc. # 13]. He claimed that he was held in "prolonged solitary confinement or extended lockdown for over five years without being able to go outside for weeks." *Id.* at 2. "He ha[d] no access to external sensory stimulation: (1) no television; (2) no radio; and (3) very little human contact." *Id.* He was only allowed to use a telephone once each month for ten minutes. *Id.*

Plaintiff was also "placed in his cell without any clothing" or a mattress "during the coldest of the winter months for . . . thirty days at a time . . . ." *Id.* at 3. However, he later alleged that he did not have "access to *adequate* clothing to keep him warm in the harsh winter . . . ." *Id.* at 5 (emphasis supplied). He also alleged that he was only "given a sweatshirt." [doc. # 17, p. 3].

The windows in his cell "were open," causing the cell to be even colder. *Id.* He claimed that his need for warmth was "well known . . . due to his nerve damage in his legs and feet . . . ." *Id.* at 5. The conditions he endured caused him to lose sleep. *Id.* He was in "pain as his legs and feet fe[lt] [] frozen . . . ." *Id.* at 3. "Security" did not "always let [inmates] use the heater . . . ." [doc. # 17, p. 3].

Plaintiff suffers from bipolar disorder, post-traumatic stress disorder, depression, and Guillain-Barre Syndrome ("GBS"). [doc. # 13, p. 2]. GBS renders him "extremely sensitive to

2

the cold." [doc. # 17, p. 3]. While he received medication for his illnesses, the conditions of confinement exacerbated his symptoms. [doc. # 13, pp. 2-3]. Defendants "ignore[d] his worsening symptoms," and the nerve damage from his GBS was not treated. *Id.*

Plaintiff filed a second Amended Complaint on August 31, 2018. [doc. # 17]. He added that he had "only one hour per week[,] weather permitting[,] of outdoor recreation," there were no educational programs at the facility, he had "limited access to [] books and magazines," his cell light "stay[ed] on for 18 hours per day," and "security" refused to dispense his medication. *Id.* at 3.

Plaintiff initially sought $40,000.00 and placement on closed cell restriction. [doc. # 1, p. 4]. In his amended complaints, he seeks declaratory relief, $50,000.00 in compensatory damages, $150.00 "for each day that he was not allowed to have his mattress," and placement in both protective custody and closed cell restriction. [doc. #s 13, pp. 6-7; 17, p. 5].

## Summary Judgment Standard

Summary judgment is appropriate when the evidence before a court shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.*

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact."

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting *Anderson*, 477 U.S. at 247). "The moving party may meet its burden to demonstrate the absence of a genuine issue of material fact by pointing out that the record contains no support for the non-moving party's claim." *Stahl v. Novartis Pharm. Corp.*, 283 F.3d 254, 263 (5th Cir. 2002). Thereafter, if the non-movant is unable to identify anything in the record to support its claim, summary judgment is appropriate. *Id*. "The court need consider only the cited materials, but it may consider other materials in the record." FED. R. CIV. P. 56(c)(3).[1]

In evaluating a motion for summary judgment, courts "may not make credibility determinations or weigh the evidence" and "must resolve all ambiguities and draw all permissible inferences in favor of the non-moving party." *Total E & P USA Inc. v. Kerr–McGee Oil and Gas Corp.*, 719 F.3d 424, 434 (5th Cir. 2013) (citations omitted). While courts will "resolve factual controversies in favor of the nonmoving party," an actual controversy exists only "when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air. Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). To rebut a properly supported motion for summary judgment, the opposing party must show, with "*significant* probative evidence," that a genuine issue of material fact exists. *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000) (emphasis added). "'If the evidence is merely colorable, or is not significantly probative,' summary judgment is appropriate." *Cutting Underwater Tech. USA, Inc. v. Eni U.S. Operating Co.*, 671 F.3d 512, 517 (5th Cir. 2012) (quoting *Anderson*, 477 U.S. at 248).

Relatedly, there can be no genuine dispute as to a material fact when a party fails "to make a showing sufficient to establish the existence of an element essential to that party's case,

---

[1] However, Rule 56 does not require a court to "sift through the record in search of evidence to support a party's opposition to summary judgment." *Willis v. Cleco Corp.*, 749 F.3d 314, 317 (5th Cir. 2014) (quoted source omitted).

4

and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322-23.  This is true "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 323.

When a movant bears the burden of proof on an issue, it must establish "beyond peradventure[2] all of the essential elements of the claim . . . to warrant judgment in [its] favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986).  In other words, the movant must affirmatively establish its right to prevail as a matter of law.  *Universal Sav. Ass'n v. McConnell*, 14 F.3d 52, 1993 WL 560271 (5th Cir. Dec. 29, 1993) (unpubl.).

### Law and Analysis

**I. Mootness**

Plaintiff seeks injunctive and declaratory relief, asking the Court to place him on "closed cell restriction (CCR) at Hunt Correctional," to place him in protective custody, and to declare that defendants' acts, omissions, policies, and practices violate law.  [doc. #s 1, p. 4; 13, pp. 6-7; 17, p. 5].  However, on January 30, 2019, Plaintiff informed the Court that he was transferred from DWCC to ELCC.  [doc. # 34].

As Plaintiff is no longer at DWCC, the Court should dismiss, as moot, his requests for injunctive and declaratory relief concerning the conditions of confinement at DWCC.[3]  See *Coleman v. Lincoln Par. Det. Ctr.*, 858 F.3d 307, 309 (5th Cir. 2017) ("By the time Coleman filed his original complaint, he had been transferred . . . . That transfer mooted his claims for declaratory and injunctive relief . . . ."); *Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001)

---

[2] I.e., beyond doubt.

[3] Plaintiff does not allege, suggest, or provide evidence indicating that there is a reasonable, demonstrable probability that he will be transferred back to DWCC.  See *Hardwick v. Brinson*, 523 F.2d 798, 800 (5th Cir. 1975); *Murphy v. Hunt*, 455 U.S. 478, 482 (1982).

(determining that an inmate's transfer to a different unit rendered claims for declaratory and injunctive relief relating to environmental conditions at the original unit moot); *see also North Carolina v. Rice*, 404 U.S. 244, 246 (U.S. 1971) ("[F]ederal courts are without power to decide questions that cannot affect the rights of litigants in the case before them.").

While Defendants do not argue that Plaintiff's requests for relief are moot, the Court may, under Federal Rule of Civil Procedure 56(f)(2), grant summary judgment on grounds not raised by a party after giving notice and a reasonable time to respond.[4] This Report and Recommendation serves as notice of dismissal, and Plaintiff may respond by objecting during the objection period described below.

**II. Limitation on Recovery Under 42 U.S.C. § 1997e(e)**

Aside from declaratory and injunctive relief, Plaintiff seeks only compensation. Under 42 U.S.C. § 1997e(e), "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18)." "[I]t is the nature of the relief sought, and not the underlying substantive violation, that controls: Section 1997e(e) applies to all federal civil actions in which a prisoner alleges a constitutional violation, making compensatory damages for mental or emotional injuries non-recoverable, absent physical injury." *Geiger v. Jowers*, 404 F.3d 371, 375 (5th Cir. 2005).

---

[4] *See also Loughman v. Sw. Bell Tel. Co.*, 131 F.3d 140 (5th Cir. 1997) ("A district court cannot grant summary judgment *sua sponte* unless it gives ten days notice to the adverse party. . . . A court enters a summary judgment *sua sponte* when it grants the motion on grounds other than those urged by the movant.").

Here, Plaintiff does not seek compensation for any greater-than-*de minimis* physical injury. The primary injury for which he seeks compensation is the damage to his mental health. Plainly, this does not constitute physical injury.

Plaintiff also seeks compensation because Defendants allegedly kept the lighting on too long during the night, causing him lose sleep. While the Court is sympathetic to Plaintiff's plight, losing sleep, without more, does not qualify as physical injury.[5] *See Atkinson v. Johnson*, 74 F. App'x 365 (5th Cir. 2003) ("The district court held that Atkinson is not entitled to collect monetary damages from Johnson because Atkinson does not assert that he has sustained any physical injury from deprivation of sleep resulting from the implementation of SM–06.03. We perceive no error in this ruling.").

In only one of Plaintiff's several pleadings, letters, and motions, he cursorily mentions that he endured headaches and unspecified eye damage of unstated duration because Defendants failed to turn the lights off at night. [doc. # 17, p. 3]. Plaintiff does not expressly seek compensation for these injuries, but, even if he did they are not, without more, greater-than-*de minimis* physical injuries. *See Daniels v. Beasley*, 241 F. App'x 219 (5th Cir. 2007) ("Prisoner's alleged injuries, including . . . temporary loss of vision, if proven, were not more than de minimis . . . ."); *Kossie v. Crain*, 354 F. App'x 82 (5th Cir. 2009) (finding that headaches fell short of the physical injury required to recover monetary damages); *Samford v. Staples*, 249 F. App'x 1001, 1003 (5th Cir. 2007) (finding that a vague argument that the plaintiff "suffered a wrist injury at some unspecified point in time through unspecified events" was unavailing).

---

[5] Plaintiff does not contend that losing sleep caused him to suffer other injuries or harm which might suffice to recover monetary relief.

Finally, Plaintiff maintains his intermittent exposure to cold temperatures for thirty days at a time without proper attire—exacerbated by his pre-existing condition—caused him great pain in his legs and feet. [doc. #s 13, p. 3; 80-3, p. 6]. His legs and feet felt frozen. *Id.* He does not specify how often temperatures were low enough to cause him pain or how many thirty-day expanses he experienced pain from exposure. Ultimately, his pain (as alleged) does not qualify as *physical* harm if it did not result in physical injury. *Alex v. Stalder*, 225 F. App'x 313, 313–14 (5th Cir. 2007) (finding where the plaintiff alleged that he "was held in very cold conditions, for an extended period in November and December, wearing nothing but a paper gown during the daytime, and that he was ordered to remain on the cold concrete whenever he attempted to sleep on the warmer, metal bunk[,]" that the plaintiff could "not recover compensatory damages absent a showing of a physical injury[.]").[6]

At bottom, Plaintiff seeks no cognizable relief; thus, the Court should dismiss his claims.[7]

### III. The Parties' Motions for Summary Judgment

The undersigned declines to address the merits of the parties' cross motions for summary judgment because there is no genuine dispute that Plaintiff fails to seek any cognizable relief.[8]

---

[6] See BLACK'S LAW DICTIONARY (11th ed. 2019) (defining "bodily injury" as "Physical damage to a person's body. — Also termed . . . *physical injury.*").

[7] As above, Defendants do not argue that Plaintiff fails to establish the requisite injury to recover monetary relief. This Report and Recommendation serves as notice of dismissal, and Plaintiff may respond by objecting during the objection period described below.

[8] Plaintiff seeks reimbursement for court costs, but this request is unrelated to his claims and, more important, is only a collateral matter rather than a request for relief. See *Deus v. Allstate Ins. Co.,* 15 F.3d 506, 521 (5th Cir. 1994) (reasoning that a request for costs is a collateral matter for purposes of finality and is not an independent claim "for relief essential to the outcome of the case as a whole.").

### Recommendation

**IT IS RECOMMENDED** that Defendants be **GRANTED JUDGMENT AS A MATTER OF LAW** and that Plaintiff Tony Joseph Tabor's remaining claims be **DISMISSED**.

**IT IS FURTHER RECOMMENDED** that the parties' motions for summary judgment, [doc. #s 77, 80], be **DENIED AS MOOT**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana, this 22nd day of March, 2021.

                                               _____
                                               Kayla Dye McClusky
                                               United States Magistrate Judge